UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALAAELDIN ISMAIL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>FASTENAL COMPANY,<br><br>Defendant. | **COMPLAINT**<br><br>Civil Action No.:<br><br>Jury Trial Demanded |

ALAAELDIN ISMAIL ("Plaintiff"), on behalf of himself and all others similarly-situated (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against FASTENAL COMPANY ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon violations that Defendant committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers pay wages to their employees who perform manual labor not less frequently than on a weekly basis, NYLL § 191(1)(a); and (iv) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendant as a Supply Chain Support in its office located at 180 Morgan Avenue, Brooklyn, New York. As described below, for the duration of Plaintiff's employment, Defendant willfully failed to pay Plaintiff the wages lawfully owed to him under the

1

FLSA and the NYLL, as Defendant failed to compensate Plaintiff at the statutorily required overtime rate of pay for the hours that Plaintiff worked beyond forty in a workweek under the FLSA and the NYLL.

3. Additionally, for the entirety of his employment, Defendant failed to pay Plaintiff on a weekly basis as is required under the NYLL for manual workers.

4. Defendant's failure to pay overtime was not limited to Plaintiff, but also extended to all Supply Chain Support.

5. Accordingly, Plaintiff brings this lawsuit against Defendant pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated Supply Chain Support during the applicable FLSA limitations period who suffered damages as a result of Defendant's violations of the FLSA. Plaintiff additionally brings his claims under New York law on behalf of himself and any FLSA Plaintiff, as that term is defined below, who opts into this action.

6. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself and all other persons similarly situated during the applicable NYLL limitations period who suffered damages as a result of Defendant's violations of the NYLL and the NYCRR.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this

judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendant in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. At all relevant times herein, Defendant was and is a Minnesota corporation with its principal place of business located at 2001 Theurer Boulevard, Winona, Minnesota 55987.

11. At all relevant times herein, Defendant was Plaintiff's "employer" within the meaning of the FLSA and NYLL. Additionally, Defendant's qualifying annual business exceeded and exceeds $500,000.00, for all relevant years, and Defendant was and is engaged in interstate commerce within the meaning of the FLSA, as Defendant employs two or more employees and buy and sell office supplies, tools, and hardware in the course of its business, which originate in states other than New York, as well as accept credit card payments from customers for their purchases, the combination of which subjects Defendant to the FLSA's requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

12. Plaintiff seeks to bring this suit to recover from Defendant unpaid overtime compensation and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on his own behalf, as well as on behalf of those in the following collective:

> Current and former Supply Chain Support, who at any time during the applicable FLSA limitations period, were employed by Defendant in New York and who consent to file a claim to recover damages for overtime compensation and liquidated damages that are legally due to them ("FLSA Plaintiffs").

13. Defendant treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times, Defendant is and has been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet it purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendant's pervasive practice of willfully failing to pay its employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## **RULE 23 CLASS ALLEGATIONS**

16. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of themselves, as well as on behalf of all those who are similarly-situated that Defendant subjected to violations of the NYLL and the NYCRR during the applicable statutory period.

17. Under FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

18.   Plaintiff seeks certification of the following FRCP 23 class:

> Current and former Supply Chain Support, who during the applicable NYLL limitations period, were employed by Defendant in New York ("Rule 23 Plaintiffs").

### Numerosity

19.   During the previous six years, Defendant has employed, in total, at least forty employees that are putative members of this class.

### Common Questions of Law and/or Fact

20.   There are common questions of law and fact that govern the claims of each and every Rule 23 Plaintiff and that predominate over any questions solely affecting individual members of the FRCP 23 class, including but not limited to the following: (1) the duties that Defendant required and require each Rule 23 Plaintiff to perform; (2) whether Defendant required and require each Rule 23 Plaintiff to work in excess of forty hours per week; (3) whether Defendant compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week over forty; (4) whether Defendant compensated and compensate the Rule 23 Plaintiffs on a weekly basis; (5) whether Defendant kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; (6) whether Defendant kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; (7) whether Defendant maintains any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; (8) whether Defendant's actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and its supporting regulations; and (9) if so, what constitutes the proper measure of damages.

### Typicality of Claims and/or Defenses

21.   As described in the "Background Facts" section below, Defendant employed

Plaintiff and Rule 23 Plaintiffs as Supply Chain Support. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom Plaintiff seeks to represent, as Plaintiff and the Rule 23 Plaintiffs work and/or have worked for Defendant in New York in excess of forty hours per week, yet Defendant routinely failed and fail to pay them at the rate of time and one-half their respective regular rates of pay, and failed and fail to pay them compensation on a weekly basis. Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid at a rate of one and one-half times their regular rates for all hours worked per week in excess of forty, and to be paid their full weekly compensation on a weekly basis. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL and its supporting regulations. Plaintiff and the Rule 23 Plaintiffs have all suffered injury, including lack of compensation or under-compensation, due to Defendant's common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendant's defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendant's defenses to those claims.

<u>Adequacy</u>

22. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendant. Defendant did not pay Plaintiff overtime pay for all of his hours worked over forty each week or pay him his full compensation on a weekly basis, which is substantially similar to how Defendant paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates testifying under oath and providing discovery responses as to all of the matters raised in this Complaint and that will be raised in Defendant's Answer that pertain to him. Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendant has subjected to the treatment alleged herein.

23. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

24.     Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

25.     Any lawsuit brought by any Supply Chain Support who worked for Defendant for the same violations alleged herein would be identical to a suit brought by any other similar employee for the same violations. Thus, separate litigation would risk inconsistent results.

26.     Accordingly, the means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

27.     Defendant is an industrial distribution company that provides business to business supply chain solutions nationwide and internationally.

28.     On October 13, 2021, Defendant hired Plaintiff as a Supply Chain Support in its office located at 180 Morgan Avenue, Brooklyn, New York 11237.

29.     As a Supply Chain Support, Plaintiff was responsible for customer outreach as well as delivering merchandise, stocking boxes, and emptying palettes.

30.     Throughout his employment, Plaintiff routinely worked five (5) days per week, working from 8:00 a.m. until 5:00 p.m., or from 7:30 a.m. until 4:00 p.m., without an uninterrupted meal break. Thus, Plaintiff routinely worked for Defendant approximately forty-two and one-half (42.5) to forty-five (45) hours per workweek.

31.     Despite Defendant's routine failure to provide Plaintiff with an uninterrupted meal break each day, Defendant nevertheless automatically deducted one hour each day for a meal

break.

33. For his work from October 13, 2021, through December 31, 2022, Defendant paid Plaintiff $19.68 per hour. For his work from January 1, 2023, through September 1, 2023, Defendant paid Plaintiff $20.51 per hour. As a result, for the entirety of his employment, Defendant failed to pay Plaintiff for the hours that he worked over forty each week, thus depriving him of the statutorily required overtime rate of one and one-half times his regular rate for these hours exceeding forty.

33. Even though Plaintiff performed manual work including delivering merchandise, stocking boxes, and emptying palettes for the entirety of his employment, Defendant paid Plaintiff on a bi-weekly basis and therefore failed to pay him on a weekly basis.

34. Defendant treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the manner described herein.

35. Defendant acted in the manner described herein to maximize its profits while minimizing its labor costs and overhead.

36. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendant's benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the FLSA*

37. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

39. As described above, Defendant is an employer within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

40. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the FLSA's overtime provisions.

41. Defendant willfully violated the FLSA.

42. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

43. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendant's violations of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
*Unpaid Overtime Under the NYLL and the NYCRR*

44. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

45. NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

46. As described above, Defendant is an employer within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are employees within the meaning of the NYLL and the NYCRR.

47. As also described above, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, worked in excess of forty hours in a workweek, yet Defendant failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

48. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

49. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts into this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendant's violations of the NYLL's and the NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
*Failure to Pay Timely Wages in Violation of the NYLL*

50. Plaintiff, and any FLSA Plaintiff who opts into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51. NYLL § 191(1)(a) requires employers to pay "manual workers" all wages owed on at least as frequently as a weekly basis.

52. As described above, Plaintiff, and any FLSA Plaintiff who opts into this action, performed manual work for Defendant under the NYLL.

53. As also described above, Defendant failed to compensate Plaintiff, and any FLSA Plaintiff who opts into this action, with all wages owed on at least as frequently as a weekly basis.

54. As a result, Plaintiff, and any FLSA Plaintiff who opts into this action, are entitled to liquidated damages in an amount equal to 100% of each late payment, as well as interest and attorneys' fees.

### DEMAND FOR A JURY TRIAL

55. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendant as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendant and its officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendant from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiff, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing a form consenting to join the lawsuit pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e. Certification of the claims brought in this case under the NYLL and the NYCRR as a class action pursuant to FRCP 23;

f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendant's conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for Defendant's unlawful payment practices;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and a service award to Plaintiff;

  i. Designation of Plaintiff and Plaintiff's counsel as collective and class action representatives under the FLSA and the FRCP;

  j. Pre-judgment and post-judgment interest, as provided by law; and

  k. Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: White Plains, New York
   September 23, 2024

                Respectfully submitted,

                Stevenson Marino LLP
                *Attorneys for Plaintiff*
                445 Hamilton Avenue, Suite 1500
                White Plains, New York 10601
                (212) 939-7229

       By: _____
                Jeffrey R. Maguire