## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered by and between Alaaeldin Ismail ("Plaintiff") and Fastenal Company ("Fastenal"). Plaintiff and Fastenal are referred to hereafter as the "Parties."

**WHEREAS**, the Plaintiff is a former employee of Fastenal, an industrial supplies company with locations throughout the United States;

**WHEREAS**, on September 23, 2024, Plaintiff commenced an action entitled *ALAAELDIN ISMAIL, on behalf of himself and all others similarly situated v. FASTENAL COMPANY*, by filing a complaint ("Complaint") with the United States District Court for the Eastern District of New York, Case No. 24-CV-06671 ("Action"), alleging that Fastenal: (i) failed to pay overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"); and (ii) failed to timely pay wages in violation of the NYLL; and

**WHEREAS**, Fastenal categorically denies all material allegations in the Complaint; and

**WHEREAS**, Plaintiff has not moved for certification of a collective action pursuant to Section 216(b) of the FLSA or class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") and the Court has not otherwise certified a collective or class action pursuant to Section 216(b) or FRCP Rule 23; and

**WHEREAS**, the Parties have decided to resolve any dispute or difference Plaintiff has against Fastenal, including without limitation those arising in any way out of the Complaint; and

**WHEREAS**, in the negotiation and execution of this Agreement, Plaintiff has been represented by his counsel, Jeffrey R. Maguire, Stevenson Marino LLP, 445 Hamilton Avenue, Suite 1500, White Plains, New York 10601, email jmaguire@stevensonmarino.com; telephone number (212) 939-7229; and

1

**WHEREAS**, in the negotiation and execution of this Agreement, Fastenal has been represented by its counsel, Robert M. Tucker, Esq., Ogletree, Deakins, Nash, Smoak & Stewart P.C., 599 Lexington Avenue, 17th Floor, New York, New York 10022, email robert.tucker@ogletree.com; telephone number (212) 492-2510; and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement knowingly, freely and voluntarily without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he fully understands the meaning and effect of the execution of this Agreement.

**NOW, THEREFORE**, in consideration of the promises, mutual representations, covenants, assurances, and warranties set forth herein, the sufficiency and receipt of which is hereby acknowledged, the undersigned do hereby agree to be bound by the following terms and conditions:

1. This Agreement is solely for the compromise of disputed claims, to avoid expense, and to terminate the Action with prejudice. Neither the negotiation, undertaking, agreement, nor execution of this Agreement shall constitute or operate as an acknowledgment or admission of any kind by Fastenal that it has: (a) committed any unlawful, unprofessional, unethical, or discriminatory practice; (b) violated any federal, state, or local statute, rule, or regulation; and/or (c) breached any obligation to Plaintiff or otherwise incurred any liability to Plaintiff. Fastenal expressly denies any wrongdoing and the worthiness of any claim asserted in the Action, or elsewhere by Plaintiff.

2. In full settlement of the Action, Plaintiff agrees not to sue Fastenal, its parent, subsidiary, affiliate, predecessor and successor entities, as well as its assigns, officers, directors, administrators, agents, insurers, employees, and attorneys (referred to collectively, individually

and/or any combination thereof, hereafter as "Releasees"), either in his individual capacity or as a member of any class, and he hereby irrevocably and unconditionally releases and forever discharges Releasees from any actions, charges, causes of action, suits, obligations, promises, agreements, damages, debts, complaints, liabilities, claims, grievances, arbitrations, costs, losses, rights, expenses, and/or any controversies in law or equity of any nature whatsoever asserted or unasserted, known or unknown, suspected or unsuspected, which he ever had, now has, or hereinafter may have against Releasees regarding: (i) any and all claims under the Fair Labor Standards Act ("FLSA"), or the regulations thereunder, arising on or before the execution of this Agreement; (ii) any and all claims under the New York Labor Law ("NYLL"), or the regulations or wage orders thereunder, arising on or before the execution of this Agreement; and (iii) any and all other wage-related statutory or common law claims relating to the material allegations asserted in the Action, including claims for unpaid compensation related to Plaintiff's employment, breach of contract, unjust enrichment and promissory estoppel, arising on or before the execution of this Agreement.. Nothing in this Agreement shall be construed to limit, restrict, impede, waive, release, or discharge Plaintiff's right to: (A) testify, assist, or participate in an investigation, hearing, or proceeding conducted by any law enforcement agency, the Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York State Attorney General, the National Labors Relation Board or other similar federal or state administrative agencies, except Plaintiff waives any right to monetary relief related to any of the released claims; (B) pursue claims that cannot be waived by law; and (C) exercise, obtain, or receive vested benefits, such as pension or retirement benefits, the rights to which are governed by the terms of any applicable plan documents and award agreements.

3.  Plaintiff acknowledges and understands that by executing this Agreement he cannot in the future file any claim, grievance, and/or demand for arbitration or bring any action, lawsuit, charge or proceeding based on any of the released claims against Releasees.

4.  In exchange for the releases and promises contained in this Agreement, and in full settlement of the Action:

> A.  Fastenal agrees to transmit the checks set forth in the subparagraphs 4(A)(i) – 4(A)(iii) below totaling $30,000.00 ("Settlement Payments") to Plaintiff's counsel, attn: Justin Marino, 2000 Deer Park Road, Deer Park, New York 11729, within thirty (30) days of the Effective Date of this Agreement as set forth in Paragraph 13 herein. The Settlement Payments shall be as follows:
>
> > i.  a check made payable to "Stevenson Marino LLP," in the amount of 10,413.75, from which there shall be no withholding or deductions, as payment of any and all attorneys' fees, costs, and disbursements incurred by Plaintiff in connection with the Action;
> >
> > ii.  a check made payable to "Alaaeldin Ismail" in the amount of $9,793.12, representing consideration for settlement of Plaintiff's claims for unpaid overtime wages, from which there shall be standard withholding and deductions, and for which an IRS Form W2 will be issued; and
> >
> > iii.  a check made payable to "Alaaeldin Ismail" in the amount of $9,793.13, representing consideration for settlement of

4

Plaintiff's claims for liquidated damages, from which there shall be no withholding or deductions, and for which an IRS Form 1099 will be issued.

5. Plaintiff hereby acknowledges that the payments provided in Paragraph 4 of this Agreement are not otherwise an obligation of Releasees and are offered solely in consideration of his execution of this Agreement and dismissal of this Action with prejudice.

6. It is expressly understood that Fastenal has paid for Plaintiff's attorneys' fees in full as per Paragraph 4 and that Plaintiff is not entitled to, nor shall he seek, any attorneys' fees from Releasees in connection with this matter. It is further expressly understood that Plaintiff is not, in any manner, the prevailing party.

7. Plaintiff agrees that he will not, in any way, publicly make or solicit any comments, statements or the like whether written, oral, or electronic (including any social media and/or online forum whether expressly or anonymously) or cause or encourage others to make any such comments, statements, observations or the like that defame or in any way disparage the personal and/or business reputations, services, practices or conduct of Fastenal at any time, now or in the future. Fastenal agrees that it shall instruct its applicable District Manager to not direct any of Fastenal's employees to disparage Plaintiff. Nothing in this Paragraph shall prevent the parties from making truthful statements about their experiences litigating the Action or the facts and circumstances underlying the claims asserted in the Action.

8. This Agreement contains the entire understanding of the parties hereto with respect to the subject matter contained herein. There are no restrictions, promises, warranties, covenants, or undertakings, other than those expressly set forth or referred to herein. This Agreement may be

amended only by an instrument in writing executed by the Parties and when so executed such instruments shall become part of this Agreement.

9. If any of the provisions, terms, clauses, waivers, or releases of claims or rights contained in this Agreement are declared illegal, unenforceable or ineffective in a legal forum of competent jurisdiction, then such provisions, terms, clauses, waivers or releases of claims or rights shall be deemed severable, such that all other provisions, terms, clauses, waivers and releases of claims and rights contained in this Agreement shall remain valid and binding upon the Parties.

10. Plaintiff warrants that he is not a Medicare beneficiary and is not currently receiving, has not received in the past, will not have received at the time of payment pursuant to this Agreement, is not entitled to, is not eligible for, and has not applied for or sought Social Security Disability or Medicare benefits. Plaintiff agrees and affirms that, to the best of his knowledge, no liens of any governmental entities, including those for Medicare conditional payments, exist. Plaintiff will indemnify, defend, and hold the Releasees harmless from Medicare claims, liens, damages, conditional payments, and rights to payment, if any, including attorney's fees, and Plaintiff further agrees to waive any and all future private causes of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A) *et seq*.

11. The Agreement may be executed in counterparts by each party and each executed Agreement, when taken together, shall constitute a complete agreement. An executed copy of this Agreement, transmitted by facsimile or e-mail shall be accepted and enforceable as if it were an original.

12. Any claim or controversy arising out of or related to this Agreement or the interpretation thereof may be brought in a court of competent jurisdiction in the State of New York. The Parties agree that irrespective of the outcome of any court proceeding conducted hereunder in

all circumstances the Release embodied in this Agreement shall survive and continue in full force and effect. The governing law of this Agreement shall be the substantive and procedural laws of the State of New York, without regard to its conflict of law provisions.

13. The Effective Date of this Agreement and General Release shall be the first day after all of the following have occurred: (i) Fastenal's counsel receives this Agreement executed by Plaintiff; (ii) Fastenal's counsel receives a completed Form W4 and Form W9 for Plaintiff as well as a completed Form W9 for Plaintiff's counsel so that the Settlement Payments may be processed; (iii) Fastenal's counsel receives an executed Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A to this Agreement and General Release; and (iv) the Court dismisses the Action with prejudice and approves this Agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

| | |
|---|---|
| /s/ | 07/08/2025 |
| **ALAAELDIN ISMAIL** | **Date** |

**FASTENAL COMPANY**

| | |
|---|---|
| By: | **Date** |

all circumstances the Release embodied in this Agreement shall survive and continue in full force and effect. The governing law of this Agreement shall be the substantive and procedural laws of the State of New York, without regard to its conflict of law provisions.

13. The Effective Date of this Agreement and General Release shall be the first day after all of the following have occurred: (i) Fastenal's counsel receives this Agreement executed by Plaintiff; (ii) Fastenal's counsel receives a completed Form W4 and Form W9 for Plaintiff as well as a completed Form W9 for Plaintiff's counsel so that the Settlement Payments may be processed; (iii) Fastenal's counsel receives an executed Stipulation of Dismissal with Prejudice, attached hereto as Exhibit A to this Agreement and General Release; and (iv) the Court dismisses the Action with prejudice and approves this Agreement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

_____     _____
**ALAAELDIN ISMAIL**                **Date**


**FASTENAL COMPANY**
*Aaron Garms*                       7/8/2025
By: Aaron Garms, General Counsel    **Date**

7

# **EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALAAELDIN ISMAIL, on behalf of himself and all others similarly situated,

                    Plaintiff,

-against-

FASTENAL COMPANY,

                    Defendant.

Case No: 24-cv-6671-OEM-LKE

---

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned attorneys of record for the parties to the above-entitled action, that this action shall be, and hereby is, dismissed with prejudice, and with each party to bear its own costs.

Dated: New York, New York
        July 10, 2025

STEVENSON MARINO LLP

By: _____
    Jeffrey R. Maguire
445 Hamilton Avenue, Suite 1500
White Plains, NY 10601
(212) 939-7229
jmaguire@stevensonmarino.com
*Attorneys for Plaintiff*

Dated: New York, New York
        July 10, 2025

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _____
    Robert M. Tucker
    Alfons D'Auria
599 Lexington Avenue, 17th Floor
New York, NY 10022
(212) 492-2500
robert.tucker@oglegreedeakins.com
alfons.dauria@ogletree.com
*Attorneys for Defendant*

SO ORDERED:

_____